1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   CAROLYN MARTIN
5

6              UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8
   CAROLYN MARTIN                         CASE NO. C 09-01654 WHA
9                                         Civil Rights
            Plaintiff,
10                                        C O M P L A I N T   F O R
            v.                            P R E L I M I N A R Y   A N D
11                                        PERMANENT   INJUNCTIVE
   SUP SONG AND YONG JA SONG,             RELIEF   AND   DAMAGES:
12 TRUSTEES OF THE 2006 SONG              DENIAL OF CIVIL RIGHTS AND
   FAMILY TRUST; and DOES 1-25,           ACCESS TO PUBLIC FACILITIES
13 Inclusive,                             TO   PHYSICALLY   DISABLED
                                          PERSONS, (§54, §54.1, §55 CIVIL
14                                        CODE;   §19955  ff  HEALTH  &
            Defendants.                   SAFETY   CODE);   INJUNCTIVE
15 _____/           RELIEF   PER   TITLE   III,
                                          A M E R I C A N S   W I T H
16                                        DISABILITIES ACT OF 1990, 42
                                          USC §§12181. et. seq.
17
                                          DEMAND FOR JURY TRIAL
18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief, etc.

Plaintiff CAROLYN MARTIN complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:  PUBLIC FACILITIES IN A PUBLIC FACILITY (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1.     Plaintiff Carolyn Martin is a "person with a disability" or "physically handicapped person."[1] Ms. Martin  requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2.     **SUMMARY**:     This case involves the lack of disabled accessible parking, paths of travel, entry, service counters, signage, and other facilities to Ms. Martin and other  disabled persons in the common area of  the shopping center at 4013 Telegraph Avenue, Oakland, CA  and the Glamor Beauty Supply store in the shopping center.  Ms. Martin   was denied equal protection of the law and was denied Civil Rights under  California law and federal law.  Ms. Martin was denied her rights to full and equal access in the common area and the Beauty Supply store because they were not, and are not now,  properly accessible to physically disabled persons such as Ms. Martin who use wheelchairs.  Ms. Martin seeks injunctive relief to require Defendants to make these common area and Beauty Supply store accessible to disabled persons and to ensure that any disabled person who attempts use the common area and shop in the Beauty Supply Store will be provided full and equal access as required by federal and state disabled access laws and regulations.  Ms. Martin also seeks recovery of damages for her physical and  personal injuries and discriminatory experiences and denial of access, which is  continuing as a result

---

[1]  (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

1  of Defendant's failure to provide accessible facilities, and seeks recovery of

2  reasonable statutory attorneys' fees, litigation expenses and costs.

3      3.    **JURISDICTION:** This Court has jurisdiction of this action pursuant

4  to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42

5  USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes

6  of action arising from the same facts are also brought under California law,

7  including but not limited to violations of California Government Code §4450, *et.*

8  *seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California

9  Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

10     4.    **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)

11  and is founded on the fact that the real property which is the subject of this action

12  is located in this district and that Ms. Martin's causes of action arose in this district.

13     5.    **INTRADISTRICT:** This case should be assigned to the San Francisco

14  intradistrict as the real property which is the subject of this action is located in this

15  intradistrict and Ms. Martin's causes of action arose in this intradistrict.

16     6.    **PARTIES:** Defendants are the owners, operators, lessors, and/or

17  lessees of the property and/or buildings which are the subject of this lawsuit. The

18  property and buildings each are a "public accommodation or facility" subject to the

19  requirements of California Health & Safety Code §19955 et seq. and of California

20  Civil Code §54, et seq. On information and belief, such property and buildings and

21  related facilities have, since July 1, 1970, undergone construction and/or

22  "alterations, structural repairs, or additions" subjecting then to disabled access

23  requirements per §19955-19959, et. seq. Health & Safety Code.

24     7.    The true names and capacities of Defendants Does 1 through 25,

25  Inclusive, are unknown to Ms. Martin who therefore sues said Defendants by such

26  fictitious names; Ms. Martin is informed and believes that each of the Defendants

27  herein designated as a Doe is legally responsible in some manner for the events and

28  happenings herein referred to and caused injury and damages proximately thereby

1   to Ms. Martin. Ms. Martin prays leave of Court to amend this Complaint to show

2   such true names and capacities when the same have been ascertained.

3         8.     Defendants and DOES 1-25, Inclusive, are and were the owners,

4   operators, lessors, and/or lessees of the subject property and/or building at all times

5   relevant to this Complaint.  Ms. Martin is informed and believes that each of the

6   Defendants herein is the agent, employee or representative of each of the other

7   Defendants, and performed all acts and omissions stated herein within the scope of

8   such agency or employment or representative capacity and is responsible in some

9   manner for the acts and omissions of the other Defendants in proximately causing

10  the damages complained of herein.

11        9.     Ms. Martin  and other similarly situated physically disabled persons

12  with mobility disabilities are unable to use public facilities on a "full and equal"

13  basis unless each such facility is in compliance with the provisions of California

14  Health & Safety Code §19955 et. seq.  Ms. Martin is a member of that portion of the

15  public whose rights are protected by the provisions of said Health & Safety Code.

16        10.    California Health & Safety Code §§19955 and 19955.5 were enacted

17  "To ensure that public accommodations or facilities constructed in this state with

18  private funds adhere to the provisions of Chapter 7 (commencing with §4450) of

19  Division 5 of Title 1 of the Government Code." Title 24, California Code of

20  Regulations, formerly known as the California Administrative Code, was in effect

21  at the time of new construction and each alteration which, on information and belief,

22  occurred at such public facility since July 1, 1982, thus requiring access complying

23  with the specifications of Title 24 whenever each such new construction or

24  "alteration, structural repair or addition" was carried out. On information and belief,

25  Defendants have carried out new construction or alterations, structural repairs, or

26  additions to the property and buildings during the period Title 24 has been in effect.

27  On information and belief, alterations, structural repairs, or additions which

28  triggered access requirements also occurred between July 1, 1970 and July 1, 1982,

Complaint for Damages, Injunctive Relief, etc.      -3-

and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of §4450ff Government Code.

11.    Within the past two (2) years,  Ms. Martin and her care giver have arrived in Ms. Martin's wheel chair accessible van for the purchase of supplies at the Beauty Supply store. In this regard, Ms. Martin has  has been unable to park in the "accessible" parking space and exit her van from that space  because of  barriers to access she encountered in the following particulars in violation of federal and state disabled access laws and regulations: a lack of a space 9  feet wide and 18 feet long; cross slopes in excess of 2 percent; a lack of a van accessible parking space and access aisle; and a built up curb ramp in the access aisle. In addition, when Ms. Martin was able to find parking from which she could exit her vehicle, she encountered numerous barriers to access in the following particulars at the entrance to and inside the store, in violation of federal and state disabled access laws and regulations: a door at the entry to the store that was, and is, too narrow and/or that required to much force to open; a customer service counter that was, and is, too high and which lacks a lowered section for persons who use wheelchairs; boxes of inventory and merchandise  throughout the store which encroach into the aisles and along the base of the customer service counter ; and aisles that are too narrow.

12.    On information and belief, this public accommodation and the common areas of which it is a part is inaccessible to persons with disabilities in numerous other respects, including but not limited to the lack of signage that complies with federal and state disabled access laws and regulations. The property, store, and related facilities should be brought into compliance with all applicable code requirements.

13.    Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also

constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

14.    Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

15.    **INJUNCTIVE RELIEF:** Ms. Martin seeks injunctive relief to require that Defendants remove all barriers to disabled access, to require that Defendants make the common areas and the Beauty Supply store fully accessible to disabled persons, and to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Ms. Martin and other members of the public who are physically disabled wheelchair users from full and equal access to and in the common areas and the Beauty Supply store.   Such acts and omissions are the cause of humiliation and mental and emotional suffering of Ms. Martin in that these actions continue to treat Ms. Martin as an inferior and second class citizen and serve to discriminate against her on the  basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Ms. Martin, who wishes to return to the common area and the Beauty Supply store, is deterred from doing  so as long as such acts and omissions of Defendants continue and as long as the property and premises remain inaccessible to her.  Ms. Martin intends to return to  once the defendants remove all barriers which deny Ms. Martin full and equal access and make the common areas and Beauty Supply store  accessible to disabled persons such as Ms. Martin as required by federal and state disabled access laws and regulations. The acts of Defendants have proximately caused and will continue to

1   cause irreparable injury to Ms. Martin if not enjoined.

2       16.   **DAMAGES:** As a result of the denial of equal access to the common

3   area, Beauty Supply store, and related facilities, and due to the acts and omissions

4   of Defendants and each of them in owning, operating, leasing, constructing, altering,

5   and maintaining the common area, Beauty Supply store, and related facilities , Ms.

6   Martin suffered a violation of her Civil Rights, including but not limited to rights

7   under §§ 54 and 54.1 Civil Code, and suffered physical and personal injuries,

8   mental and emotional distress, embarrassment and humiliation, all to her damages

9   as hereinafter stated.  Defendants' actions and omissions to act constitute

10  discrimination against Ms. Martin on the sole basis that she was and is physically

11  disabled and unable, because of the architectural barriers created and/or maintained

12  by the Defendants in violation of the subject laws, to use the common area, Beauty

13  Supply store, and related facilities on a full and equal basis as other persons.  Ms.

14  Martin also seeks trebling of all actual damages, as provided by §54.3 Civil Code.

15      17.   **FEES AND COSTS:** As a result of Defendants' acts, omissions, and

16  conduct, Ms. Martin has been required to incur statutory attorneys' fees, litigation

17  expenses, and costs as provided by statute, in order to enforce Ms. Martin's rights

18  and to enforce provisions of the law protecting access for disabled persons and

19  prohibiting discrimination against disabled persons.  Ms. Martin therefore seeks

20  recovery of all reasonable attorney's fees, litigation expenses, and costs, pursuant to

21  the provisions of §§54.3 and 55 Civil Code.  Additionally, Ms. Martin's lawsuit is

22  intended not only to obtain compensation for damages to Ms. Martin, but also to

23  force the Defendants to make their facilities accessible to all disabled members of

24  the public, justifying "public interest" attorneys' fees, litigation expenses and costs

25  pursuant to the provisions of §1021.5 Code of Civil Procedure and other law.

26      18.   Wherefore Ms. Martin asks this court to preliminarily and permanently

27  enjoin any continuing refusal by Defendants to grant full and equal access to Ms.

28  Martin and to require Defendants to comply forthwith with the applicable statutory

Complaint for Damages, Injunctive Relief, etc.          -6-

requirements relating to access for disabled persons.  Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55,  and other law.  Ms. Martin further requests that the court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Ms. Martin prays for relief as hereinafter stated:

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101FF

19.     Ms. Martin repleads and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 18 of this Complaint, and incorporates them herein as if separately repled.

20.     Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ." As of ten (10) years later, the number of "qualified" disabled persons protected by the ADA exceeds fifty (50) million.

21.     Congress stated as its purpose in passing the Americans with

Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

22.    As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff).  Defendants are "private entities" which are considered "public accommodations" for purposes of this title.

23.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

24.    Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii):  "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services,

facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25.     The removal of each of the barriers complained of by Ms. Martin  as hereinabove alleged were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act.   As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.   Further, and on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements  for removal of barriers to access for disabled persons per §303 of the ADA and §19959 California Health and Safety Code.

26.     On information and belief, as of the dates of Ms. Martin's encounter at the property and premises and   the filing of this Complaint, the property and premises have denied and continue to deny full and equal access to Ms. Martin and to other disabled wheelchair users in other respects, which violated Ms. Martin's rights to full and equal access and which discriminated against Ms. Martin on the basis of her disability, thus wrongfully denying to Ms. Martin the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

27.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Martin is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Martin is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303.  On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Martin and other disabled persons access to this

public accommodation since on or before Defendant's encounters as previously discussed.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

28.    Ms. Martin seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Martin is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises. Ms. Martin also seeks recovery of reasonable attorneys' fees pursuant to section 505 of the ADA.

Wherefore Ms. Martin prays for relief as hereinafter stated:

**PRAYER**

Ms. Martin prays that this Court:

1.    Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises   and related  facilities so that each and every barrier to disabled access is removed and so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide  facilities accessible to and usable by Ms. Martin  and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

1        3.      Award to Ms. Martin all appropriate damages, including but not limited

2 to statutory damages, general damages and treble damages in an amount within the

3 jurisdiction of the  Court, all according to proof;

4        4.      Award to Ms. Martin all reasonable attorneys' fees, litigation expenses,

5 and costs of this proceeding as provided by law;  and

6        5.      Grant such other and  further relief as this Court may deem just and

7 proper.

8 Dated: April 15, 2009             SIDNEY J. COHEN
                                   PROFESSIONAL CORPORATION

9

10                               /s/ Sidney J. Cohen
                        By_____

11                             Sidney J. Cohen
                             Attorney for Plaintiff Carolyn

12                             Martin

13                 **DEMAND FOR JURY TRIAL**

14        Ms. Martin hereby demands a jury for all claims for which a jury is

15 permitted.

16 Dated: April 15, 2009             SIDNEY J. COHEN
                                     PROFESSIONAL CORPORATION

17

18                               /s/ Sidney J. Cohen
                        By_____

19                             Sidney J. Cohen
                             Attorney for Plaintiff

20                             Carolyn Martin

21

22

23

24

25

26

27

28